DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF & BROWNE LLP
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
SOMPO JAPAN INSURANCE COMPANY OF
AMERICA,

        *Plaintiff,*

- against -

AMERICAN AIRLINES, INC.

        *Defendant.*
---------------------------------------x

07 Civ.

**07 CIV. 4051**

**COMPLAINT**

**JUDGE BUCHWALD**

    Plaintiff, Sompo Japan Insurance Company of America (hereinafter "Sompo" or "Plaintiff"), by its attorneys, Maloof & Browne LLP, for its Complaint, alleges on information and belief as follows:

    1.    The following premises constitute claims under federal law at 28 U.S.C. § 1331 and the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and diversity jurisdiction under 28 U.S.C. § 1332.

    2.    At all times material hereto, the Plaintiff was and is a corporation organized and existing under and by virtue of the laws of the State of New York with its principal place of business in New York and was the insurer of the Shipment which is the subject matter of this action.

3. Defendant American Airlines, Inc. ("American Airlines" or "Defendant") is a corporation organized and existing under and by virtue of the laws of the State of Delaware and with its principal place of business in Fort Worth, Texas. Defendant conducts business in New York and was and is at relevant times engaged in business as a common carrier of goods by air for hire.

4. Venue is appropriate in this District because Defendant can be found in and reside in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c). They do business throughout the United States, including the State of New York and the area comprising the Southern District of New York.

5. This cause of action is brought for $107,898.38, an amount in excess of the jurisdictional amount of $75,000 exclusive of interest and costs.

6. On or about May 27, 2006 there was delivered to the Defendant in Miami, Florida a shipment of camera lenses and binoculars (the "Shipment"), all then being in good order and condition. Defendant then and there accepted the Shipment so delivered unto them. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant further agreed to transport and carry said Shipment to Miami, by air, and there deliver same in like good order and condition to Plaintiff's assured or its designee. The shipment was further described in a certain Air Waybill numbered 001-31524965 issued by Defendant.

7. The Shipment, upon information and belief, arrived at St. Thomas, Virgin Islands on or about May 30, 2006.

8. The said Shipment did not arrive at its destination in like good order and condition as when shipped, delivered to and received by the Defendant, but on the contrary, was

in fact delivered by the Defendant damaged and seriously impaired in value, all in violation of the Defendant obligations and duties as common carriers by air and/or otherwise.

9. Defendant, upon information and belief, acted negligently, recklessly and/or engaged in willful misconduct in that they acted with willful, wanton, and reckless disregard for the safekeeping of the Shipment, because they or they agents knowingly or recklessly permitted the Shipment to be damaged.

10. Plaintiff insured the Shipment and paid certain damages incurred by its assured due to the Shipment having been damaged by Defendant. Plaintiff is duly entitled to maintain this action.

11. Plaintiff and its assured have performed all conditions on their parts to be performed.

12. By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be U.S. $107,898.38.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

13. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 12 above.

14. By reason of the foregoing, the Defendant is or acted as common carriers of merchandise by air for hire and breached their duty under the contract of carriage.

15. By reason of the foregoing, the Defendant has caused damage to Plaintiff and the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $107,898.38.

## SECOND CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 15 above.

17. The Defendant was acting as bailees of or otherwise had a duty to care for the Shipment at the times it was damaged. The Defendant was thereby, or through its contractors, agents, servants, or sub-bailees, parties who warranted and had a legal duty to safely keep, care for, and deliver the said Shipment in the same condition as when entrusted to it and to perform their services as parties or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those obligations and negligently failed to deliver to Plaintiff's assured or its designee the Shipment in as good condition as when entrusted to it.

18. By reason of the foregoing, the Defendant has caused damage to Plaintiff and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $107,898.38.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

19. Plaintiff incorporates herein by reference the allegations of paragraphs 1-18 above.

20. The Defendant, by its negligence, damaged the Shipment. The Defendant therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

21. By reason of the foregoing, the Defendant have caused damage to Plaintiff and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $107,898.38.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
May 21, 2007

MALOOF & BROWNE LLP

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
*Attorneys for Plaintiff Sompo Japan Insurance Company of America*

F:\WP-DOCS\2503.74\052107 Complaint.doc

6