Francis A. Montbach (FAM9631)
Mound Cotton Wollan & Greengrass
Attorney for Defendant
American Airlines, Inc.
One Battery Park Plaza
New York, NY  10004
Tel: (212) 804-4200
Fax (212) 344-8066
e-mail: *fmontbach@moundcotton.com*

--------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

SOMPO JAPAN INSURANCE COMPANY OF
AMERICA,

                       Plaintiffs,

   - against -

AMERICAN AIRLINES, INC.,

                    Defendant.

--------------------------------------------------------x

07 CIV. 4051 (NRB)

**ANSWER**

Defendant,     American Airlines, Inc., by its attorneys, MOUND COTTON

WOLLAN & GREENGRASS, as and for its Answer to the Complaint herein, alleges:

     <u>FIRST</u>:      Denies knowledge or information sufficient to form a belief as to

the allegations contained in those paragraphs of the Complaint designated "2", "3", "4", "5", "7",

"8", "10", "11" and "12", except that it admits that it is a duly certified direct air carrier engaged

in the transportation of persons and property in interstate and international commerce pursuant to

authority granted by the Department of Transportation of the United States, that it is a

corporation organized and existing under and by virtue of the laws of the State of Delaware, with

its principal place of business in the State of Texas and that it conducts business in the State of New York.

SECOND:     Denies each and every allegation contained in that paragraph of the Complaint designated "6" except that it admits that it received three pieces of freight, said to contain "Canon Products" in Miami, the contents and condition of which were unknown to the defendant, for carriage to St. Thomas, United States Virgin Islands, pursuant ot air waybill #001-3452-4965, dated May 24, 2006.

THIRD:     Denies each and every allegation contained in that paragraph of the Complaint designated "9".

## AS TO THE FIRST CAUSE OF ACTION

FOURTH:     Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "THIRD" of this Answer with the same force and effect as if set fully set forth herein.

FIFTH:     Denies each and every allegation contained in that paragraph of the Complaint designated "14".

SIXTH:     Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "15".

## AS TO THE SECOND CAUSE OF ACTION

SEVENTH:     Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "SIXTH" of this Answer with the same force and effect as if set fully set forth herein.

EIGHTH:     Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "17" and "18".

## AS TO THE THIRD CAUSE OF ACTION

NINTH:    Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "EIGHTH" of this Answer with the same force and effect as if set fully set forth herein.

TENTH:    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "20" and "21".

### AS AND FOR A FIRST COMPLETE
### AFFIRMATIVE DEFENSE

ELEVENTH: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

### AS AND FOR A SECOND COMPLETE
### AFFIRMATIVE DEFENSE

TWELFTH:    The contract of carriage embarked upon by the plaintiff herein was an interstate transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage and applicable tariffs.

THIRTEENTH:    That under the applicable provisions of this defendant's contract of carriage and applicable tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

FOURTEENTH:    Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

## AS AND FOR A THIRD COMPLETE
## AFFIRMATIVE DEFENSE

FIFTEENTH: That under the applicable provisions of this defendant's contract of carriage and applicable tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

SIXTEENTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

## AS AND FOR A FOURTH COMPLETE
## AFFIRMATIVE DEFENSE

SEVENTEENTH:    That under the applicable provisions of this defendant's contract of carriage and applicable tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

## AS AND FOR A FIFTH COMPLETE
## AFFIRMATIVE DEFENSE

EIGHTEENTH:    That under the applicable provisions of this defendant's contract of carriage and applicable tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

NINETEENTH:    Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

- 4 -

## AS AND FOR A SIXTH COMPLETE
## AFFIRMATIVE DEFENSE

TWENTIETH:    That under the applicable provisions of this defendant's contract of carriage and applicable tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

TWENTY-FIRST:    Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

## AS AND FOR A SEVENTH COMPLETE
## AFFIRMATIVE DEFENSE

TWENTY-SECOND:    That on or about November 30, 2006, for valuable consideration, plaintiff's subrogor, Daswani (V.I.), Inc., duly executed and delivered to American Airlines, Inc. a general release in writing in which plaintiff's subrogor, Daswani (V.I.) Inc. released American Airlines, Inc. and forever discharged it from the alleged claim set forth in the Complaint against the defendant in connection with the involved shipment.

## AS AND FOR AN EIGHTH PARTIAL
## AFFIRMATIVE DEFENSE

TWENTY-THIRD:    That under the applicable provisions of this defendant's contract of carriage and applicable tariffs and/or the Warsaw Convention, as amended, the liability, if any, of this defendant for any loss, damage or delay is limited.

WHEREFORE, defendant, American Airlines, Inc., demands judgment against the plaintiff dismissing this action together with costs and disbursements.

Dated: New York, New York
June 20, 2007.

MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Defendant
American Airlines, Inc.

By _____
Francis A. Montbach ( FAM9631)
One Battery Park Plaza
New York, New York   10004
(212) 804-4200

TO:    MALOOF & BROWNE, LLP
Attorneys for Plaintiff
411 Theodore Fremd Avenue
Suite 190
Rye, NY   10580

- 6 -

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                       )    ss.:
COUNTY OF NEW YORK )

Marian Kelly, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey. That on the 21st day of June, 2007 deponent served the ANSWER upon:

MALOOF & BROWN, LLP
411 Theodore Fremd Avenue
Suite 190
Rye, New York  10580

at the address designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_____
Marian Kelly

Sworn to before me this
20th day of June, 2007

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010